Suture, J.
Inasmuch as the defendants denied the execution of a bond, with the condition set forth in the petition, and no proof of such bond appears from the record to have been made on the trial; it is to be here taken for granted that the defendants only executed a bond with the condition expressed in their answer. That condition was to pay over, according to law, all moneys which might come into his, Heck-man’s, hands, by virtue of his said commission as justice of the peace. But the petition does not charge the justice with having neglected to pay over any money so coming into his hands; nor was there any proof of any such delinquency on the part of the said Heckman. It follows, therefore, that even if the instructions given the jury by the court were erroneous, inasmuch as the plaintiff could not have recovered upon his averments and proof, he has in no respect been prejudiced by such charge so given to the jury, however contrary to law the same might have been.
But can it, in fact, be said that the court erred in its instruction so given to the jury ?
The bond prescribed by the statute as the official bond of a justice of the peace, neither imposes any additional liability upon the justice, nor extends to any third person any new right of action against him. Independent of the execution of the bond, the justice was liable to the party in damages, from whom he wrongfully withheld money collected for him. *187 and neglected to pay over the same according to law; and so, too, the justice w.as liable, independent of his bond, to the party thereby injured, for neglecting to do and perform for such person any ministerial act enjoined by law upon such justice ; and a right of action existed, in either case, in favor of the party whose right had been so denied by the justice of the peace, independent of the bond. The only object of the bond was to afford the party in whose favor such right of action might arise, security for redress. T.he action may first be brought against the justice of the peace, and judgment obtained against him individually for his delinquency of duty, and afterward an action may be brought upon the bond to charge the sureties for the same; or an action 'may, in the first place, be brought on the bond to recover for such delinquency as in this case ; but in either case the action can only be commenced by the party so having a right of action against the justice. But, as in all cases of liability to an action, the liability is only to. the party having the right of action, between whom and the justice of the peace there is a privity of contract in that regard. Thus, by section 155, of the justice’s act, it is provided, that, “ It shall be the duty of the justice,” in a case therein named, “ at the expiration of ten days from the entry of the judgment, to issue execution without a demand, and proceed to collect the judgment unless otherwise directed by the judgment creditor.” But this duty is only due to the judgment creditor, to the party entitled to have the money so collected; and he alone has the right of action given by’ the neglect of the justice to discharge the duty so due him.
It is very possible, owing to execution not having been issued and the money collected by the justice for the judgment creditor, other persons may be thereby disappointed in the expected receipt of the same from the judgment creditor, and may have been thereby injured; but whatever claims such persons may have upon the judgment creditor, it is very obvious they can have no legal claim, no right of action, against the justice of the peace for that neglect. Such neglect of duty on the part of the justice must be regarded as *188 to such third persons, as mere “ damnum absque injuria.” And such is precisely the relation of the present plaintiff to the alleged right of action in this case. • In consequence of the justice not collecting the money from the principals, the plaintiff complains that he, as surety, had to pay the sum; but his relation to the cause of action arising against the justice is the same that it would have been, if the delinquency in collecting the claim were chargeable upon an attorney employed by the creditor. The liability of the attorney in the supposed case, and of the justice of the peace in this case, would only be to respond to the owner of the claim, and in the amount of damages occasioned him by such delinquency.
The record shows that in this case the judgment creditor, the owner of the promissory notes left with the justice, although he failed to collect the judgments of the principals, Cummins & Co., did, finally, in fact, recover the full amount of said judgments of this plaintiff, as their, surety; and that he thereupon assigned his right of action against the justice and his sureties to the plaintiff. The plaintiff, therefore, had the same right to recover a-nd for the same amount of damages, that Markey was entitled to recover from Heckman for his neglect to collect the amount of the said judgment from the’ said Cummins & Co.; and even if the condition of the bond charged in the petition had been proved, the record does not show that amount to have been any definite, sum. The verdict of the jury wan, therefore, very properly, for nominal damages merely.
We perceive no error in the record, and the judgment of the district court is approved.
Scott, C.J., and- Peck, Gholson, and Beinkerhoee, J J., concurred.